## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

J. S.,

                    Plaintiff,

v.                                                        CIVIL ACTION NO.   2:25-cv-00622

ARAMARK FOOD SERVICE CORPORATION, et al.,

                    Defendants.

### ORDER

Pending before the court is Plaintiff's Motion for Leave to File an Amended Complaint, [ECF No. 26]. Defendants did not respond. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

Unless a party amends its pleading in accordance with the time requirements outlined in Rule 15(a), it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a) "leave to amend a pleading shall be freely given 'when justice so requires.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson*, 785 F.2d at 509). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. A proposed amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX,*

*Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510).

Plaintiff instituted this action on October 20, 2025, against Defendants Aramark Food Service Corporation, Aramark Correctional Services, LLC, Marcus Blankenship,[1] and John/Jane Does. [ECF No. 1]. The court entered a Scheduling Order on March 11, 2026, setting June 2, 2026, as the deadline for amending pleadings. [ECF No. 24]. On November 26, 2025, Defendant Aramark Correctional Services, LLC moved to dismiss the Complaint. [ECF No. 8]. Plaintiff now seeks leave to amend his Complaint to "substitute an Aramark employee, Nakayla Doyle, in the place of Jane Doe." [ECF No. 26, at 1]. Plaintiff further asserts that this employee "had knowledge of the inappropriate conduct of Defendant Blankenship but failed to report the conduct or take any action to intervene on behalf of the plaintiff." *Id.* Defendants did not file any opposition to Plaintiff's proposed amendment.

Here, Plaintiff satisfies the test for amendment under Rule 15(a). Because Defendants did not respond, they have not alleged any prejudice from allowing Plaintiff to amend the Complaint, nor do I find any. The amendment is within the time frame set by the Scheduling Order. [ECF No. 24]. The proposed amendment does not allege new counts. [ECF No. 26-1]; *see Laber*, 438 F.3d at 427 ("A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" (quoting *Johnson*, 785 F.2d at 509)). I further find that Plaintiff's amendment is not futile. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint, **[ECF No. 26]**, is **GRANTED**.

---

[1] On December 12, 2025, Plaintiff moved for entry of default judgment against Defendant Marcus Blankenship. The Clerk, however, did not enter default against Defendant Blankenship until January 9, 2026. [ECF No. 13]. Accordingly, Plaintiff's motion, **[ECF No. 11]**, is **DENIED without prejudice** as it was premature at the time of its filing.

"As a general rule, 'an amended pleading supersedes the original pleading, rendering the original pleading of no effect.'" *White v. Turner*, 671 F. App'x 162, 163 (4th Cir. 2016) (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). When a plaintiff amends a complaint while a motion to dismiss is pending, a court may deny the motion as moot. *Viking Energy Corp. v. Certain Underwriters at Lloyd's London*, No. 2:24-cv-00126, 2024 WL 2892330, at *1 (S.D. W. Va. June 10, 2024); *Skibbe v. Accredited Home Lenders, Inc.*, No. 2:08-cv-01393, 2014 WL 2117088, at *3 (S.D. W. Va. May 21, 2014). Here, Plaintiff's amended pleading, [ECF No. 26-1], supersedes his original Complaint. Accordingly, Defendant's Motion to Dismiss, **[ECF No. 8]**, is **DENIED as moot**.

The court **DIRECTS** the Clerk to file the Amended Complaint, [ECF No. 26-1], as the operative pleading in this matter. Plaintiffs shall effect service of the Amended Complaint in accordance with the Federal Rules of Civil Procedure. Any required response shall be made within the time provided by the Federal Rules of Civil Procedure.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      April 22, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE